UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-62006-CIV-COHN/WHITE
(06-60350-CR-COHN)

GARY BAPTISTE,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report of United States Magistrate

Judge Patrick A. White [DE 21] regarding Gary Baptiste's Motion to Vacate Pursuant to

28 U.S.C. § 2255 [DE 1] ("Motion to Vacate").  Pursuant to 28 U.S.C. § 636(b)(1), the

Court has conducted a *de novo* review of the record herein, including the Motion to

Vacate [DE 1], Mr. Baptiste's Memorandum of Law and Facts in Support of 28 U.S.C.

2255 Application [DE 2], the Government's Response [DE 10], Mr. Baptiste's Reply [DE

19],[1] Judge White's Report [DE 21], Mr. Baptiste's Motion to Consider [DE 22],[2] and Mr.

---

[1] The Court views Mr. Baptiste's Motion for Summary Judgment [DE 19] as a
Reply to the Government's Response.  See DE 20.

[2] In his Motion to Consider, Mr. Baptiste requests that the Court consider all
claims in his Motion to Vacate: ineffective assistance of counsel for failure to investigate
and move to suppress wiretap evidence under 28 U.S.C. § 2518(10)(a), 28 U.S.C. §
2518(8)(a), 28 U.S.C. § 2518(8)(d), and 28 U.S.C. § 2518(9).  DE 22 ¶ 1.  The Court
will consider each of these claims in the instant Order.

Baptiste's Objections to the Report and Recommendation [DEs 27, 28],[3] and is otherwise advised in the premises.

## I. BACKGROUND

On December 7, 2006, Mr. Baptiste, along with others, was indicted for crimes in connection with a large-scale conspiracy to traffic cocaine. Specifically, Mr. Baptiste was charged with: conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count 1); conspiracy to possess with intent to distribute fifty or more grams of cocaine base (Count 3); and three counts of distribution and possession with intent to distribute five-hundred or more grams of cocaine (Counts 23, 24, and 26).

The Government tried Mr. Baptiste along with Co-Defendant Mickey Pubien, and the jury found Mr. Baptiste guilty on all charged counts. The jury returned special verdicts finding that Count 1 involved at least five kilograms of cocaine, Count 3 involved at least fifty grams of crack cocaine, and Counts 23, 24, and 26 each involved more than five-hundred grams of cocaine. On October 30, 2007, the Court sentenced Mr. Baptiste to a term of imprisonment of 324 months followed by a ten-year term of supervised release. Mr. Baptiste appealed directly from his convictions, challenging the denial of Mr. Pubien's Batson objection, see Batson v. Kentucky, 476 U.S. 79, 96 (1986), the sufficiency of the evidence to support his convictions, and the admission of testimony from officers about the meaning of code words used by participants in the conspiracy. The Eleventh Circuit affirmed the conviction and sentence. See United

---

[3] The Court notes that DE 27 and DE 28, both entitled "Petitioner's Motion to Object to Magistrate Report and Supporting Affidavit," appear to be identical documents.

States v. Pubien, 349 Fed. App'x 437, 474 (11th Cir. 2009).  Mr. Baptiste then returned to this Court to file the instant Motion to Vacate, alleging that he received ineffective assistance of counsel because his lawyer did not move to suppress the wiretap evidence based on the Government's failure to comply with the applicable wiretap statutes.

Judge White recommended that the Motion to Vacate be denied on its merits because Mr. Baptiste failed to meet his burden to show that his counsel's efforts fell below constitutional standards pursuant to Strickland v. Washington, 466 U.S. 688 (1984).  Mr. Baptiste filed timely objections.  After a *de novo* review, this Court agrees with Judge White's reasoning and analysis that the instant Motion to Vacate should be denied on the merits.

## II. ANALYSIS

To prevail on an ineffective assistance of counsel claim, the movant must show both (1) that his counsel's efforts fell below constitutional standards and (2) that as a result, the movant suffered prejudice.  Strickland, 466 U.S. 688.  Mr. Baptiste's claim meets neither prong of the test.

First, the Court agrees with Judge White that Mr. Baptiste has not demonstrated that his counsel's efforts fell below constitutional standards.  In objecting to this first prong of the Strickland test, Mr. Baptiste suggests that his counsel's failure to file a suppression motion was unreasonable because his counsel did not investigate the facts before deciding not to file such a motion, and because his counsel never challenged the legality of the wiretaps (Objection 1).  Mr. Baptiste further contends that he has

demonstrated sufficient bases upon which his counsel could have sought suppression of the tape recorded conversations and transcripts, and that his counsel's performance was deficient for failing to move to suppress the wiretap evidence on those bases (Objections 2, 3, and 4). A review of the record does not support the assertion that the wiretap warrants were unlawful in any way, nor does it indicate that the Government failed to comply with any pertinent statute. Rather, the record indicates that counsel for the Government entered into a written stipulation with counsel for Mr. Baptise and Mr. Pubien, agreeing that the equipment used in the court-authorized telephone interceptions was in proper working order, the recordings were fair and accurate, the recordings were authentic, and the Creole-to-English translations and transcripts were fair and accurate. Cr. DE 406. Mr. Baptiste's counsel informed his client early on that any motion to suppress this wiretap evidence would be frivolous because the wiretap warrants were valid. DE 14 ¶ 3. There is no indication that Mr. Baptiste's counsel failed to investigate the facts before rendering this advice. The law does not require counsel to raise every possible non-frivolous defense, Knowles v. Mirzayance, 129 S. Ct. 1411, 1419-22 (U.S. 2009), especially when the defense lacks merit, see Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990). Therefore, Mr. Baptiste's counsel's performance was not deficient based on his failure to file a motion to suppress the wiretap evidence.

Second, even assuming Mr. Baptiste did meet Strickland's first prong, the Court agrees with Judge White that Mr. Baptiste has not demonstrated that he was prejudiced by counsel's failure to move for suppression. In his objections, Mr. Baptiste argues that he suffered prejudice because a successful suppression motion would have resulted in

4

the suppression of the wiretap evidence, and "without such evidence, the government's case would have failed." DE 28 at 12. However, as discussed above, Mr. Baptiste has not demonstrated that a suppression motion should have been filed, nor that such a motion would have been successful. Regardless, Mr. Baptiste already challenged the sufficiency of the evidence on direct appeal. See Pubien, 349 Fed. App'x 437. In finding the evidence to be sufficient, the Eleventh Circuit already relied on more than just the wiretap evidence. See id. at 477. Specifically, the Eleventh Circuit pointed not only to the taped conversations and three law enforcement officers' testimony about the conversations, but also to testimony by Cooperating Co-Defendants Bowe and Monestine. See id. Thus, even without the wiretap evidence, there was sufficient evidence to convict Mr. Baptiste. Therefore, even if Mr. Baptiste's counsel's performance had been deficient, the deficiency did not prejudice Mr. Baptiste.

### III. CONCLUSION

In light of the foregoing, upon a *de novo* review, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation of United States Magistrate Judge Patrick A. White [DE 21] is **ADOPTED**;

2.  Mr. Baptiste's request for an evidentiary hearing is **DENIED**;

3.  Mr. Baptiste's Motion to Consider [DE 22] is **GRANTED**, and the Court has considered all of Mr. Baptiste's enumerated claims;

4.  Mr. Baptiste's Objections to the Report and Recommendation [DEs 27, 28] are **OVERRULED**;

5.    The Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED with prejudice**;

6.    All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

     **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___8th___ day of December, 2010.

 

**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record via CM/ECF

6