UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-62006-CIV-COHN/WHITE
(06-60350-CR-COHN)

GARY BAPTISTE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO RULE 60(b)

**THIS CAUSE** is before the Court upon Gary Baptiste's Motion for Relief From a Judgment Pursuant to Rule 60(b) [DE 51]. The Court has considered the motion, the Affidavit in Support of Rule 60(b) Motion [DE 50], and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 7, 2006, Mr. Baptiste, along with others, was indicted for crimes in connection with a large-scale conspiracy to traffic cocaine. Specifically, Mr. Baptiste was charged with: conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count 1); conspiracy to possess with intent to distribute fifty or more grams of cocaine base (Count 3); and three counts of distribution and possession with intent to distribute five-hundred or more grams of cocaine (Counts 23, 24, and 26).

At trial, the jury found Mr. Baptiste guilty on all charged counts. The jury also returned special verdicts finding that Count 1 involved at least five kilograms of cocaine, Count 3 involved at least fifty grams of crack cocaine, and Counts 23, 24, and 26 each

involved more than five-hundred grams of cocaine.  On October 30, 2007, the Court sentenced Mr. Baptiste to a term of imprisonment of 324 months followed by a ten-year term of supervised release.  Mr. Baptiste appealed directly from his convictions, challenging the denial of his co-defendant's Batson objection,[1] the sufficiency of the evidence to support his convictions, and the admission of testimony from officers about the meaning of code words used by participants in the conspiracy.  The Eleventh Circuit affirmed the conviction and sentence.  See United States v. Pubien, 349 Fed. App'x 437, 474 (11th Cir. 2009).

On or about December 23, 2009, Mr. Baptiste returned to this Court to file his Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to Vacate").  Mr. Baptiste argued that he received ineffective assistance of counsel because his lawyer did not move to suppress the wiretap evidence based on the Government's failure to comply with the applicable wiretap statutes.  See id.  On September 3, 2010, United States Magistrate Judge Patrick A. White issued his Report of Magistrate Judge [DE 21], recommending that the Motion to Vacate be denied on its merits because Mr. Baptiste failed to meet his burden to show that his counsel's efforts fell below constitutional standards pursuant to Strickland v. Washington, 466 U.S. 688 (1984).  On December 8, 2010, after a *de novo* review of the Report and Mr. Baptiste's Objections [DE's 27, 28], the undersigned issued an Order Adopting Report of Magistrate Judge [DE 29], overruling Mr. Baptiste's Objections, adopting Judge White's Report, and denying the Motion to Vacate.

On January 3, 2011, the Court denied Mr. Baptiste's Application for Certificate of

---

[1]   See Batson v. Kentucky, 476 U.S. 79, 96 (1986).

Appealability [DE 33], and on January 13, 2011, the Court denied Mr. Baptiste's Motion for Reconsideration of the denial of a certificate of appealability [DE 42]. Thereafter, on April 7, 2011, the Eleventh Circuit also denied Mr. Baptiste's request for a certificate of appealability [DE 46]. Now, in the instant motion, Mr. Baptiste requests reconsideration of the Order Adopting Report of Magistrate Judge pursuant to Federal Rule of Civil Procedure 60(b).

## II. DISCUSSION

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although he does not specify the subpart under which he seeks relief, Mr. Baptiste argues that he "is entitled to relief under Rule 60(b) because the district court failed to reach and address the underlying merits of one of his § 2255 claim[s]." Mot. at 3. Mr. Baptiste states that in his Motion to Vacate, "as relevant here, Baptiste argued ineffective assistance of counsel for failing to argue for the suppression of wiretap

evidence based on the government's failure to show and/or prove that the wiretap recordings were sealed, for use in his trial, as required by the sealing provision of 18 U.S.C. § 2518(8)(a)." Mot. at 4.  He asserts "that the District Court erred in failing to reach and <u>directly</u> address the merits underlying his claim of ineffective assistance of counsel when the Court denied his § 2255 motion." <u>Id.</u>  Mr. Baptiste points to certain evidence and authority that he believes the Court overlooked in its Order.  <u>See</u> <u>id.</u>

In ruling on the Motion to Vacate and adopting Judge White's Report, the Court found that Mr. Baptiste failed to meet either prong of the <u>Strickland</u> test.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 688 (1984).  Specifically, the Court found first, that Mr. Baptiste had not demonstrated that his counsel's efforts fell below constitutional standards, and second, that even if counsel's efforts did fall below constitutional standards, Mr. Baptiste had not demonstrated that he was prejudiced by any deficiency.

The Court assures Mr. Baptiste that it considered the binding authority and relevant evidence, including the record filings and exhibits, when ruling on the Motion to Vacate.  In fact, in entering its Order Adopting Report of Magistrate Judge, the Court also granted Mr. Baptiste's "Motion to Consider" [DE 22], in which he specifically requested that the Court consider all claims in his Motion to Vacate, including the claim for ineffective assistance of counsel for failure to investigate and move to suppress wiretap evidence under 18 U.S.C. § 2518(8)(a).

Section 2518(8)(a) provides as follows:

> The contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device.  The recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such a way as will protect the recording from editing or other alterations.  Immediately upon the expiration of the period of the order, or extensions

4

> thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions. Custody of the recordings shall be wherever the judge orders. They shall not be destroyed except upon an order of the issuing or denying judge and in any event shall be kept for ten years. Duplicate recordings may be made for use or disclosure pursuant to the provisions of subsections (1) and (2) of section 2517 of this chapter for investigations. The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517.

18 U.S.C. § 2518(a). As the Court found in the Order Adopting Report of Magistrate Judge, "A review of the record does not support the assertion that the wiretap warrants were unlawful in any way, nor does it indicate that the Government failed to comply with any pertinent statute." Order Adopting Report of Magistrate Judge at 4. The Court explained as follows:

> Rather, the record indicates that counsel for the Government entered into a written stipulation with counsel for Mr. Baptise and Mr. Pubien, agreeing that the equipment used in the court-authorized telephone interceptions was in proper working order, the recordings were fair and accurate, the recordings were authentic, and the Creole-to-English translations and transcripts were fair and accurate. Cr. DE 406. Mr. Baptiste's counsel informed his client early on that any motion to suppress this wiretap evidence would be frivolous because the wiretap warrants were valid. DE 14 ¶ 3. There is no indication that Mr. Baptiste's counsel failed to investigate the facts before rendering this advice. The law does not require counsel to raise every possible non-frivolous defense, Knowles v. Mirzayance, 129 S. Ct. 1411, 1419-22 (U.S. 2009), especially when the defense lacks merit, see Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990). Therefore, Mr. Baptiste's counsel's performance was not deficient based on his failure to file a motion to suppress the wiretap evidence.

Id. Further, even if the motion to suppress had been filed, the Court found that Mr. Baptiste had not sufficiently demonstrated that such a motion would have been successful. Id. at 5. Importantly, the Court noted as follows:

> Regardless, Mr. Baptiste already challenged the sufficiency of the evidence on direct appeal. See Pubien, 349 Fed. App'x 437. In finding the evidence

5

> to be sufficient, the Eleventh Circuit already relied on more than just the wiretap evidence. See id. at 477. Specifically, the Eleventh Circuit pointed not only to the taped conversations and three law enforcement officers' testimony about the conversations, but also to testimony by Cooperating Co-Defendants Bowe and Monestine. See id. Thus, even without the wiretap evidence, there was sufficient evidence to convict Mr. Baptiste.

Id.

Nothing in the instant Motion changes the Court's previous ruling. Mr. Baptiste has not demonstrated any mistake, inadvertence, surprise, or excusable neglect. He has not presented any newly discovered evidence or any evidence of fraud, misrepresentation, or misconduct. The judgment is not void, nor has it been satisfied, released or otherwise discharged, and the Court finds no other reason that justifies relief. Therefore, the Court will deny the request for relief under Rule 60(b).

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Mr. Baptiste's Motion for Relief from Judgment and Order Pursuant to Rule 60(b) [DE 51] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of December, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Gary Baptiste, *pro se*
Reg. No. 77177-004
FCC - Coleman (Medium)
P. O. Box 1032
Coleman, FL 33521